ROSIKA SCHWIMMER, Plaintiff, *v.* COMMERCIAL NEWSPAPER COMPANY and Another, Defendants.

Supreme Court, New York County, March 2, 1928.

**Libel and slander — libel per se — charging plaintiff, who is propagandist for world peace, with being hypocrite and imposter and actually seeking to undermine our government is libelous per se — motion for judgment on pleadings, under Rules of Civil Practice, rule 112, denied.**

It was libelous *per se* for the defendant to charge the plaintiff, who claims to be a propagandist for world peace, with being a hypocrite and imposter actually seeking under the cloak of her professed occupation to undermine our government. The defendant went beyond the bounds of fair criticism.

If, however, the case be not so plain as to permit the court to decide that the defendant went beyond the limits of fair criticism, the question is one of fact, and, therefore, the motion for judgment on the pleadings, under rule 112 of the Rules of Civil Practice, is denied.

MOTION attacking complaint under subdivision 5 of rule 106 of the Rules of Civil Practice, treated as motion under rule 112.

*Hays, St. John & Buckley,* for the plaintiff.

*Frank A. Hutton,* for the defendant Commercial Newspaper Company.

*Joseph T. Cashman,* for the defendant Fred Marvin.

MULLAN, J. This motion, assailing the complaint, under Rules of Civil Practice, rule 106, subdivision 5, was not only not made within twenty days from the service of the complaint, but was made (three years) after the answer was served. At the request of plaintiff's attorney, and with the consent of defendant's attorney, I am ignoring these defects, and am treating the motion as made under Rules of Civil Practice, rule 112. I am of the opinion that the alleged defamatory matter tended to injure plaintiff's reputation, and to expose her to public hatred, contempt, scorn, obloquy and shame, and is, therefore, libelous *per se.* (*Triggs* v. *Sun Printing & Pub. Assn.,* 179 N. Y. 144.) I am also of the opinion that the matter complained of touched the plaintiff, and was calculated injuriously to affect her, in her special avocation or profession, and is for that special reason actionable *per se.* (Newell Sland. & Lib. [4th ed.] 166 *et seq.;* Odgers Lib. & Sland. [5th ed.] 26 *et seq.; Moore* v. *Francis,* 121 N. Y. 199.) I agree with defendant's counsel that the nature of plaintiff's vocational activities permitted comment and criticism to the extent referred to in the *Triggs Case (supra).* But as was there said (p. 156): " The distinction between criticism and defamation is that criticism deals only with such things as invite

public attention or call for public comment, and does not follow a man into his private life or pry into his domestic concerns. It never attacks the individual, but only his work." (See, also, Newell Sland. & Lib. [4th ed.] § 480.) I am of the opinion that defendant took undue liberties with plaintiff's name, and went beyond the bounds of fair criticism in assailing her motives, and " exposing" her as an arch hypocrite and impostor who, with ulterior design and sinister motive, professed to be a propagandist for world peace, while actually seeking to undermine our government. If, however, the case be not so plain as to permit the court to decide that the defendant went beyond the limits of fair criticism, the question is one of fact, and must go to the jury. (*Triggs Case, supra,* 154.)

The unfortunate use of the word " privilege " caused the confusion of ideas that somewhat obscured the argument. As I then said, " privilege " must always be raised as a defense. As Newell puts it (p. 519): " The distinction between fair and reasonable comment and criticism, and privileged communications is this: That in the latter case, the words may be defamatory but the defamation is excused or justified by reason of the occasion; while in the former case, the words are not defamation of the plaintiff, and hence not libelous — the stricture or criticism is not upon the person himself, but upon his work." In the cases cited by defendant's counsel, among them the *Triggs* case, the word " privilege " was employed in the sense of being synonymous with " right of fair comment; " and the question was not one of confession and avoidance, but whether, because of the right of fair comment, growing out of the plaintiff's avocation, and the consequent invitation to criticize, there was any actionable defamation charged in the complaint.